# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### JULY SESSION, 1997

FILED

October 10, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| THOMAS C. MANEY, JR., | ) | C.C.A. NO. 03C01-9612-CR-00470 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | BRADLEY COUNTY |
| VS. | ) | |
| | ) | HON. R. STEVE BEBB |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

## ON APPEAL FROM THE JUDGMENT OF THE
## CRIMINAL COURT OF BRADLEY COUNTY

FOR THE APPELLANT:

THOMAS C. MANEY, JR.,
Pro Se
Register Number 216056
Route 1, Box 330
Tiptonville, TN 38079-9775

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

MARVIN E. CLEMENTS, JR.
Assistant Attorney General
425 5th Avenue North
Nashville, TN 37243

JERRY N. ESTES
District Attorney General

RANDY G. ROGERS
Assistant District Attorney General
204 North Jackson
Athens, TN 37303

OPINION FILED _____

REVERSED AND REMANDED

DAVID H. WELLES, JUDGE

# OPINION

The Defendant appeals the trial court's dismissal of his petition for post-conviction relief. The single issue presented for our review is whether the trial court erred in its determination that the petition was barred by the statute of limitations. We conclude that the petition is not time-barred. We therefore reverse the judgment of the trial court and remand this case for further proceedings.

From this record, it appears that on February 12, 1993, the Defendant was convicted on his pleas of guilty to one count of felony possession of cocaine and one count of felony possession of marijuana. He received an effective sentence of eight years. There was no appeal from his conviction or sentences. The post-conviction relief petition under consideration herein, apparently the Defendant's first petition, was filed on May 9, 1996. The trial court dismissed the petition based on the statute of limitations. It is from the order of the trial court dismissing the petition that the Defendant appeals.

At the time the Defendant's convictions became final, the statute of limitations applicable to post-conviction proceedings was three years. Tenn. Code Ann. § 40-30-102 (repealed 1995). It is clear that the petition in the case sub judice was filed after the expiration of the three-year statute of limitations.

The new Post-Conviction Procedure Act is applicable to this petition and all petitions filed after May 10, 1995. See Tenn. Code Ann. § 40-30-201 et seq.

(Supp. 1996). This Act repealed the three-year statute of limitations and enacted in its place a one-year statute of limitations. On the effective date of this Act, same being May 10, 1995, the repealed three-year statute of limitations had not yet run on the petitioner's right to file a petition for post-conviction relief. The 1995 Act provides, in pertinent part, that "notwithstanding any other provision of this act to the contrary, any person having a ground for relief recognized under this act shall have at least one (1) year from the effective date of this act to file a petition or a motion to reopen a petition under this act." 1995 Tenn. Pub. Acts ch. 207, § 3.

Because it is clear that the three-year statute of limitations had not run on this Defendant at the time the legislature repealed that statute and replaced it with a one-year statute, we believe that the provision quoted above provided this Defendant one year from the effective date of the Act, or until May 10, 1996, to file his petition for post-conviction relief. Therefore, the petition herein was timely filed on May 9, 1996, and should have been considered by the trial court on the merits.[1]

The judgment of the trial court dismissing this petition is reversed, and this case is remanded to the trial court for further proceedings.

---

[1]We note that in at least one prior case in this Court, the State conceded that the statute of limitations did not bar consideration of a petition filed under the same factual circumstances as the one in the case sub judice. See Betsy Jane Pendergrast v. State, C.C.A. No. 01C01-9607-CC-00289, Rutherford County (Tenn. Crim. App., Nashville, May 16, 1997).

_____
DAVID H. WELLES, JUDGE


CONCUR:




_____
THOMAS T. WOODALL, JUDGE


_____
JOHN K. BYERS, SENIOR JUDGE